# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 6, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| LINDEN BARRETT, | * | |
| | * | |
| Petitioner, | * | No. 25-136V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Linden Barrett,* Walled Lake, MI, *pro se.*
*Tyler King,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DISMISSAL DECISION[1]

On January 23, 2025, Linden Barrett ("petitioner"), acting *pro se*, filed a claim in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of receiving an influenza ("flu") vaccine on January 25, 2022. *Id.* at Preamble. Petitioner did not file any accompany medical records or proof of vaccination to support her claim.

On May 6, 2025, the undersigned held a status conference with petitioner, where petitioner explained that her case was being evaluated by a law firm familiar with the Vaccine Program and set a deadline for August 12, 2025, for petitioner to file supporting documentation

---

[1] In accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012), because this opinion contains a reasoned explanation for the action in this case, **this opinion will be posted on the website of the United States Court of Federal Claims**. This means the opinion will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). **If neither party files a motion for redaction within 14 days, the entire opinion will be posted on the website and available to the public in its current form.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

of her alleged injury or to have an attorney enter their appearance in her case.  Scheduling Order (ECF No. 9).  The undersigned also granted petitioner's motion to proceed *in forma pauperis.*

Petitioner did not file any supporting evidence on August 12, 2025, nor did an attorney enter their appearance on her behalf.  On October 1, 2025, the undersigned issued an Order to Show Cause, which was mailed to petitioner by first class mail, ordering petitioner to communicate to my chambers by October 31, 2025 and/or file any evidence to support her petition.  Order to Show Cause (ECF No. 11).

To receive compensation in the Vaccine Program, petitioners have the burden of proving either: (1) that the vaccinee suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that the vaccinee suffered an injury that was caused-in-fact by a covered vaccine.  §§ 13(a)(1)(A); 11(c)(1).  Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone.  Rather, the petitioner must be supported by either medical records or by the opinion of a competent physician.  42 U.S.C. § 13(a)(1). Petitioners bear a "preponderance of the evidence" burden of proof for both Table and Non-Table Claims.  *Id.*

It is a petitioner's obligation to follow and respond to order issued by a Special Master in a case.  Failure to do so is grounds for the dismissal of the claim.  *Padmanabhan v. Sec'y of Health & Hum. Servs.,* 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Hum. Servs.,* 26 Cl. Ct. (1992), *aff'd* 991 F.2d 810 (Fed. Cir. 1993) (per curiam) ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Hum. Servs.,* 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the Court's…deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order…would result in dismissal of the claim."); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

In this case, petitioner is asserting a Table-Injury, but has not filed any medical records to support her claim.  Further, petitioner has failed to respond to the Court's Order to Show cause, which is also grounds for dismissal.  **Accordingly, this case is hereby DISMISSED for insufficient proof and failure to prosecute.**

The Clerk of the Court is directed to serve a copy of this decision to petitioner by U.S. Mail to the following address:

Ms. Linden Barrett
855 S. Pontiac Trail
Unit 302
Walled Lake, MI 48390

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

3